IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>City Crescent Building, 3rd Floor<br>10 South Howard Street<br>Baltimore, MD 21201<br><br>    **Plaintiff,**<br><br>v.<br><br>**NUCLETRON CORPORATION,**<br>8671 Robert Fulton Drive<br>Columbia, MD 21046<br><br>    **Defendant.**<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>) **Case No.**<br>)<br>)<br>)<br>) **COMPLAINT AND JURY**<br>) **TRIAL DEMAND**<br>)<br>)<br>)<br>)<br>)<br>) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act of 1967, as amended ("the ADEA"), the Equal Pay Act of 1963 ("the EPA"), Section 15(a)(3) of the Fair Labor Standards Act ("the FLSA"), Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age and retaliation and to provide appropriate relief to Peter Dove and a class of similarly situated aggrieved persons. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") alleges that Defendant Nucletron Corporation ("Defendant") discharged Peter Dove and refused to consider or select him for alternative positions because of his age, as well as retaliated against Dove and a class of similarly situated aggrieved employees.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to:

   a. Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. Section 217, to enforce the requirements of the Equal Pay Act of 1963 (the "EPA"), codified as Section 15 of the FLSA, 29 U.S.C. §215;

   b. Sections 704(a), 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-3(a), 2000e-5(f)(1) and (3) ("Title VII"); and

   c. Sections 4(d) and 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. Sections 623(d) and 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the FLSA, as amended, 29 U.S.C. Sections 216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the EPA, Title VII, and the ADEA.

4. At all relevant times, Defendant Nucletron Corporation has continuously been a Maryland corporation doing business in the State of Maryland and the City of Columbia and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630 (b), (g) and (h).

7. At all relevant times, Defendant has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) or has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Peter Dove filed a charge with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least January 2005, Defendant has engaged in unlawful employment practices in violation of Sections 4(a) and 4(d) of the ADEA, 29 U.S.C. §§ 623 (a)(1) & (d); Section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(3); and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

11. On or about December 2005, Defendant informed Peter Dove of its decisions to discharge him and not consider or select him for any alternative positions, including but not limited to the positions of National Sales Director and Sales Director. Defendant discharged Dove on or about March 10, 2006. Defendant discharged Dove and did not consider or select him for the aforementioned positions because of his age, 61, in violation of Sections 4(a)(1) and (a)(2) of the ADEA, 29 U.S.C. §§ 623 (a)(1) & (a)(2).

12. On or about March 2006, Defendant subjected Peter Dove to a facially retaliatory severance offer and a retaliatory denial of severance benefits in violation of Section 4(d) of the ADEA, 29 U.S.C. §§ 623(d); Section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(3); and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The severance package offered to Dove unlawfully required him to release his right to file a charge of discrimination and otherwise participate in ADEA, EPA and Title VII investigations, proceedings, and litigation. In addition to the above, Defendant's severance offer interfered with Dove's rights protected under Title VII and the ADEA and violates 29 C.F.R. §1625.22 and 23 in that such severance offer required him to fund the employer's defense of the charge; it precluded him from challenging the enforceability of the agreement; and it required him to tender back the severance and to pay damages before challenging the enforceability of the agreement.

13. Since at least January 2005, and continuing until at least 2007, Defendant subjected a class of similarly situated aggrieved persons to a continuing course of facially retaliatory severance offers and retaliatory denial of severance benefits in violation of Section 4(d) of the ADEA, 29 U.S.C. §§ 623(d); Section 15(a)(3) of the FLSA, 29 U.S.C. §215(a)(3); and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). The

severance packages offered to the class of aggrieved persons unlawfully required them to release their right to file charges of discrimination and otherwise participate in ADEA, EPA and Title VII investigations, proceedings, and litigation. In addition to the above, Defendant's severance offer interferes with the class of aggrieved persons' rights protected under Title VII and the ADEA and violates 29 C.F.R. §1625.22 and 23 in that such severance offer requires them to fund the employer's defense of the charge; it precludes them from challenging the enforceability of the agreement; and it requires them to tender back the severance and to pay damages before challenging the enforceability of the agreement.

14. The effect of the continuing practices complained of in paragraphs 10-13, above, has been to deprive Peter Dove and a class of similarly situated aggrieved persons of equal employment opportunities and otherwise adversely affect their employee status because of age and their right to engage in protected activity.

15. The unlawful employment practices complained of in paragraphs 10-13, above, were intentional.

16. The unlawful employment practices complained of in paragraphs 10-13, above, were done willfully and with malice or reckless indifference to the federally protected rights of Peter Dove and the class of similarly situated aggrieved persons.

## **PRAYER FOR RELIEF**

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination because of age 40 or older or retaliation and any other employment

practice which discriminates against any employee because of his/her exercise of the right to file a charge under the ADEA, EPA, or Title VII, or because any employee has participated in any investigations, proceedings or litigation under the aforementioned statutes;

B.      Order Defendant to institute and carry out policies, practices and programs which protect employees age 40 or older and protect from retaliation those employees who wish to file charges under the ADEA, EPA or Title VII or participate in any investigation, proceeding or litigation under those statutes, and which eradicate the effects of its past and present unlawful employment practices;

C.      Order Defendant to make whole Peter Dove and the class of similarly-situated aggrieved employees by providing appropriate back pay with prejudgment interest and any severance benefits that Defendant withheld, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Dove or front pay in lieu thereof;

D.      Order Defendant to pay to Peter Dove and the class of similarly-situated aggrieved employees an amount of liquidated damages equal to back pay and withheld severance benefits;

E.      Order Defendant to make whole Peter Dove and the class of similarly-situated aggrieved employees by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay to Peter Dove and the class of similarly-situated aggrieved employees punitive damages for the malicious and reckless conduct described

above, in amounts to be determined at trial;

G. Grant such further relief as this Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

    Respectfully submitted,

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION

    RONALD S. COOPER
    General Counsel

    JAMES LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    _____
    JACQUELINE H. MCNAIR
    Regional Attorney

    _____
    DEBRA M. LAWRENCE (Bar No. 04312)
    Supervisory Trial Attorney

    _____
    RONALD L. PHILLIPS
    Senior Trial Attorney
    EEOC-Baltimore Field Office
    City Crescent Building, 3rd Floor
    10 South Howard Street
    Baltimore, Maryland 21201
    Telephone number: (410) 209-2737
    Facsimile number: (410) 962-4270