IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                              )
    Plaintiff,              )
                              )
v.                            )    Case No. BEL-07-CV-2644
                              )
NUCLETRON CORPORATION,        )
                              )
    Defendant.              )
_____)

## CONSENT DECREE

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced this action on September 28, 2007, in the United States District Court for the District of Maryland (Northern Division) against Defendant Nucletron Corporation ("Defendant"). In its Complaint, the Commission alleged that Defendant engaged in unlawful employment practices by subjecting Charging Party Peter Dove to age discrimination in violation of the Age Discrimination in Employment Act of 1967, as amended ("ADEA"): Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. et seq. ("Title VII"); and the Equal Pay Act of 1963 ("EPA"), and subjected Dove and a class of other employees to a retaliatory severance agreement in violation of the aforementioned statutes.

As a result of settlement discussions, the Commission and Defendant desire to resolve this action and all issues raised by the Complaint without the time and expense of contested litigation.

The parties acknowledge the jurisdiction of the United States District Court for the District of Maryland (Northern Division) over the subject matter and over the parties to

this case for the purpose of entering this Consent Decree and, if necessary, enforcing this Decree.

The Court, having examined the terms and provisions of the Consent Decree, finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and the ADEA. The entry of this Consent Decree will further the objectives of the ADEA and will be in the best interests of the parties and those for whom the EEOC seeks relief.

This Decree constitutes a full discharge and satisfaction of any and all claims which have been alleged in the Complaint filed in this action by the EEOC.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

INJUNCTIVE RELIEF

1.    Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them shall comply with all provisions of the ADEA and are enjoined from any present or future violations of the ADEA. Prohibited discrimination includes, but is not limited to, decisions to terminate employment or not select individuals for positions because of age. Prohibited discrimination also includes retaliation because of protected conduct, including but not limited to the filing of any charge or complaint of discrimination and participation in related proceedings.

2.    Defendant, its officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them shall not offer to any employee, nor shall it seek to enforce, any severance agreement or other contract (a) that seeks or purports to prohibit filing of administrative charges, complaints or reports of discrimination under the statutes enforced by the EEOC with the EEOC or any state or local fair employment practices agency; (b) that seeks or purports to prohibit participation

2

in any proceedings related to such charges, complaints or reports; and/or (c) that seeks or purports to constitute a waiver, release or any other relinquishment of rights to engage in the aforementioned activities.

## COVERED FACILITIES

3.    The provisions of this Consent Decree shall apply to all of Defendant's facilities, work sites, and other locations of its operations.

## DURATION OF DECREE

4.    This Consent Decree shall be in effect for a period of three (3) years from the date it is entered by the Court. However, the injunctive relief set forth in Paragraph 2, above, shall not expire upon the expiration of this Consent Decree and shall continue thereafter.

## MONETARY RELIEF

5.    Defendant shall pay monetary relief to Charging Party Peter Dove in the amount of $295,000.00. Of this amount, $147,500.00 shall constitute back pay and $147,500.00 shall constitute liquidated damages. This monetary relief (less any applicable federal, state or local payroll tax regarding the amount constituting back pay) shall be paid in four (4) checks made payable to Peter Dove. The first two checks, one for back pay in the amount of $73,750.00 (less applicable payroll taxes) and one for liquidated damages in the amount of $73,750.00, shall be delivered to Dove not later than fourteen (14) days after entry of this Decree by the Court. The remaining two checks, one for back pay in the amount of $73,750.00 (less applicable payroll taxes) and one for liquidated damages in the amount of $73,750.00, shall be delivered to Dove not earlier than January 1, 2009, and not later than January 14, 2009 (or if this Decree is not entered before January 1, 2009, within fourteen (14) days of entry of this Decree). Defendant shall mail the aforementioned checks to Mr. Dove by certified mail at an address to be provided by

EEOC. Within fourteen (14) days of each such payment, Defendant shall send a photocopy of the checks payable to Peter Dove, along with a photocopy of the Certified Mail receipt, to EEOC Senior Trial Attorney Ronald L. Phillips at the EEOC's Baltimore Field Office.

6.    In the event that the above-referenced payment cannot be delivered to Charging Party Peter Dove at the address provided, Defendant shall promptly contact EEOC Senior Trial Attorney Ronald L. Phillips to obtain a current address for Mr. Dove for the purpose of prompt Certified Mail delivery, or, if a current mailing address is not available, to otherwise make arrangements for prompt payment. Defendant shall thereafter promptly report any efforts made to deliver payment and shall exercise due diligence to complete such delivery.

7.    After the conclusion of calendar years 2008 and 2009, Defendant shall promptly issue to Peter Dove an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-Misc for the monetary relief amount constituting liquidated damages.

## REPORTS TO EEOC OF DISCRIMINATION ALLEGATIONS

8.    Defendant shall submit written notification to the Commission regarding any and all internal or external complaints of alleged age discrimination. As used in this provision, "internal" complaints include age discrimination complaints made to Defendant in writing and verbal age discrimination complaints of the type that are to be documented by Defendant in accordance with its discrimination complaint policy in effect as of October 7, 2008. The written notification shall include the name, title and work location of the complainant; the date of the complaint; the name, title and work location of the person receiving the complaint; and the written complaint itself or, if reported verbally, the documentation generated by the Defendant to record the complaint.    Defendant's

4

notification to the Commission must be sent to the Commission's Baltimore Field Office, to the attention of Senior Trial Attorney Ronald L. Phillips, within fourteen (14) days of any complaints.

## TRAINING REQUIREMENTS

9.    Defendant shall require any and all current and future management personnel to attend training, not less than three (3) hours in duration, regarding the requirements of the ADEA. Such training is to be provided by counsel from the law firm of Shawe and Rosenthal at the expense of Defendant. Defendant shall deliver a copy of training materials to the Commission in advance of the training. The training must be conducted within two (2) months after entry of this Decree and two (2) months after the commencement of employment for all new hires in such positions. The EEOC must be notified, in writing, as to the date of the training and the names and job titles of attendees within one (1) month of such training. Defendant shall have the option of videotaping the first training session and then fulfilling its duty to provide any subsequent training sessions required by this Decree by requiring attendance of trainees at a viewing of the videotape. Any trainee who receives training by viewing a videotape of a previous session shall be given the name and telephone number of a Defendant contact person and instructed to direct any questions regarding the content of the training to that contact person.

## POSTING OF NOTICE

10.    Defendant shall post copies of the Notice attached as Attachment A in a conspicuous location at all of its facilities and at all places where employee notices are posted. The Notice shall be posted for a period of three (3) years, with such period commencing upon entry of this Decree. Such Notice shall be typed legibly using font sizes

5

not smaller than those used in Attachment A. In addition, Defendant shall post the EEOC poster required by law. In the event that any of aforementioned notices becomes defaced, marred or otherwise made unreadable, Defendant shall immediately post a readable copy of such notice(s).

## DISPUTE RESOLUTION AND COMPLIANCE

11.    This Court shall retain jurisdiction to enforce the terms of this Consent Decree and will have all available powers to enforce this Decree.

12.    Upon motion to show cause filed by the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days to either correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance, in writing;

   A.    If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to show cause why Defendant should not be found in contempt;

   B.    Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such proceeding; and

   C.    Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the District of Maryland.

## COURT COSTS AND ATTORNEY FEES

13.    Each party shall bear its own court costs and attorneys' fees.

IT IS AGREED:

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

By: _____
Jacqueline H. McNair
Regional Attorney
EEOC-Philadelphia District Office
(Baltimore Field Office)
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(215) 440-2666 Telephone
(215) 440-2848 Facsimile

Dated: 10/29/08

By: _____
Debra M. Lawrence
Supervisory Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734 Telephone
(410) 962-4270 Facsimile

Dated: 10/30/08

By: _____
Ronald L. Phillips
Senior Trial Attorney
EEOC-Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737 Telephone
(410) 962-4270 Facsimile

Dated: 10/29/08

Counsel for Plaintiff

NUCLETRON CORPORATION

By: _____
Bruce S. Harrison, Esq.
Shawe & Rosenthal, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD 21201
(410) 843-3456 Telephone
(410) 752-8861 Facsimile

Dated: 10/29/08

Counsel for Defendant

7

IT IS SO ORDERED:

DATED: Nov. 5, 2008

_____
HONORABLE BENSON E. LEGG
Chief United States District Judge

ATTACHMENT A

# LEGAL NOTICE

Pursuant to a settlement agreement with the U.S. Equal Employment Opportunity Commission, Nucletron affirms that it is an equal opportunity employer and pledges itself to provide equal opportunity to all persons without regard to race, sex (including pregnancy), color, age, physical or mental disability, religion, national origin, sexual orientation, marital status, status as a veteran or disabled veteran, or any other personal characteristic protected by federal, state or local law. This policy extends into all areas of employment, including, but not limited to, recruitment, hiring, promotions, demotions, terminations, transfers, compensation and training.

Nucletron strictly prohibits discrimination or harassment on the basis of any legally protected personal characteristic. If you believe you have been the subject of discrimination or harassment, you should **immediately** bring the subject to the attention of your manager or supervisor. If the person to whom you would normally bring such a concern is the source of the discriminating or harassing conduct, or if for some reason you feel uncomfortable discussing the matter with them, you should contact the Human Resources Manager or the President of Nucletron.

Nucletron will investigate all incidents of discrimination and harassment, and determine the appropriate remedy. Disciplinary action, up to and including termination from employment, may be taken against any person that the company believes has engaged in discrimination or harassment. In conducting an investigation, Nucletron will respect the privacy of all concerned, however, complete confidentiality may not always be possible because of the need to conduct an investigation and take steps necessary to eliminate discrimination and harassment.

Nucletron prohibits retaliation against any employee for in good faith raising a complaint or providing information concerning alleged harassment or discrimination. Any person who is found to have taken adverse actions against an individual because that individual raised a complaint or provided information during an investigation will be subject to disciplinary action, up to and including termination from employment.

In addition, please note that the U.S. Equal Employment Opportunity Commission (EEOC) is the agency of the federal government that enforces federal laws prohibiting employment discrimination because of age, race, sex (which also includes pregnancy, childbirth and related medical conditions), color, physical or mental disability, religion, and national origin, or in retaliation for filing a complaint of discrimination or harassment, participating in complaint proceedings, reporting discrimination or harassment, or opposing discrimination or harassment.

Nucletron fully respects your legal right to contact the EEOC at any time, and the company will not take any action against you because you have filed a complaint with the EEOC (called a "Charge of Discrimination"), provided information to the EEOC, or have communicated with the EEOC for any other reason

 

 

President of Nucletron Corp.